IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JAMES TOWNSEND, | : |
| | : |
|     Plaintiffs, | : |
| | : |
| V. | : |
| | : Case No. |
| NCO FINANCIAL SYSTEMS, INC., | : |
| a Pennsylvania corporation, | : |
| | : |
|     Defendant. | : |
| | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Plaintiff JAMES TOWNSEND ("TOWNSEND") is an individual and a resident of this State and is authorized by law to bring this action.

4. Defendant, NCO FINANCIAL SYSTEMS, INC., is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania located at 507 Prudential Road, Horsham, Pennsylvania, 19044.  [Hereinafter, said Defendant is referred to as "NCO"].

5. All alleged violations of the FDCPA occurred in Florida.

6. NCO knowingly communicated with a Florida resident in NCO's efforts to collect an alleged debt.

7. NCO transacts business in Florida.

8. NCO caused a tortuous injury in Florida.

9. NCO is subject to the jurisdiction and venue of this Court.

10. NCO may be served by personal service upon its registered agent in the State of Florida: C T Coporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

11. Alternatively, NCO may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Pennsylvania: 507 Prudential Road, Horsham, Pennsylvania, 19044.

12. Alternatively, NCO may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida or Pennsylvania.

## FACTUAL ALLEGATIONS

13. NCO uses the mails in its business.

14. NCO uses telephone communications in its business.

15. NCO's principal business purpose is the collection of debts.

16. NCO regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

17. NCO is a debt collector subject to provisions of the Fair Debt Collection Practices Act.

18. In attempting to collect a debt allegedly due from a consumer to a business not a party to this litigation, NCO communicated with TOWNSEND, a Florida resident, in a manner that violates the FDCPA.

19. In or around early 2010, NCO began making attempts to collect an alleged debt from TOWNSEND.

20. On or about July 14, 2010, TOWNSEND mailed a letter to NCO requesting NCO to cease all telephone communications to TOWNSEND.

21. The above-referenced letter was mailed to NCO by certified mail, with a return receipt requested by TOWNSEND.

22. On July 19, 2010, NCO received the above-referenced letter.

23. Subsequent to receiving this letter, NCO continued placing telephone calls to TOWNSEND.

24. Without limitation, NCO placed telephone calls to TOWNSEND on the following dates: (1) two calls on August 20, 2010; (2) two calls on August 21, 2010; (3) two calls on August 23, 2010; (4) two calls on August 26, 2010; and (5) at least one call on September 2, 2010.

25. Each of these calls was placed well after NCO's receipt of TOWNSEND's written request that NCO cease all direct telephone communications.

26. These telephone communications were not the result of any reasonable error by NCO.

27. NCO's actions and communications were intentional and calculated to harass TOWNSEND into paying the alleged debt.

28. After receiving the letter request NCO to cease communication, NCO's further communications could only be for the purpose of harassing TOWNSEND.

29. As a result of NCO's actions, TOWNSEND has suffered actual damages in an amount to be proven at trial.

30. TOWNSEND does not owe the debt alleged to be owed by NCO.

31. NCO is seeking to collect an amount not authorized by law or any agreement.

32. NCO knows, or reasonably should know, that the alleged debt is invalid.

33. NCO has failed to provide adequate verification of the debt as requested in writing by TOWNSEND.

34. Despite not being able to verify the debt, NCO has continued its collection activity.

35. NCO continued collection of this debt is part of a pattern and practice of intentional and malicious activity calculated to harass consumers, and particularly TOWNSEND, into paying invalid debts.

36. NCO's communications and actions violate the FDCPA.

37. TOWNSEND will incur costs for filing and serving this action.

38. TOWNSEND has retained counsel and agreed to pay a reasonable fee.

39. TOWNSEND is entitled to recover the costs and reasonable attorney fees incurred in this action.

40. The Plaintiff has complied with all conditions precedent to bring this action.

## COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

41. Plaintiff TOWNSEND re-alleges and incorporates herein by reference Paragraphs 1-34 above.

42. NCO's acts constitute intentional violations of the FDCPA.

43. NCO's violations of the FDCPA include, but are not limited to, the following:

44. Continuing to contact an alleged debtor and consumer after receiving a letter requesting the debt collector to cease communication, in violation of 15 U.S.C. § 1692c(c);

45. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

46. Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and

47. Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

48. As a direct and proximate result of NCO's actions, Plaintiff TOWNSEND suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

49. WHEREFORE, Plaintiff TOWNSEND respectfully demands the following relief:

a. That this Court enter judgment against the Defendant for violations of the FDCPA;

b. That this Court find each and every defense raised by the Defendant to be without merit;

c. That this Court award the maximum statutory damages of $1,000.00;

d. That this Court award actual damages in an amount proven at trial;

e. That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

f. That this Court award such other and further relief as is just and proper.

Respectfully submitted,

/s/ Adam J. Knight
Adam J. Knight
Florida Bar No. 69400
Attorney for Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net